# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BOBBIE C. TAYLOR,

        Plaintiff,

v.                                                           CIV 99-248 LH/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

        This matter is before the Court on Plaintiff's (Taylor's) Motion to Reverse or in the Alternative to Remand for a Rehearing [Doc. 9], filed October 4, 1999. The Commissioner of Social Security denied Taylor's claim for disability insurance benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, I find that the motion is well taken and should be granted. I therefore recommend that the Court remand the case for a rehearing following an in-person consultative examination of Taylor.

### A. Facts/Procedural Background

        Taylor was 51 years old when she applied for Social Security disability insurance benefits September 26, 1996. She alleged disability that commenced August 17, 1996 due to post-phlebitic syndrome, deep vein thrombosis, osteoarthritis, and gouty arthritis. [AR 78, 90] After a hearing, the administrative law judge (ALJ) found that Taylor could not perform her past relevant work as a licensed practitioner nurse and as a bartender, but could perform light work. [AR 22-

23] The Appeals Council denied Taylor's request for review after considering additional evidence. [AR 5-7] The Appeals Council's denial of review made the ALJ's decision the Commissioner's final decision for review. Taylor now seeks this Court's review under 42 U.S.C. § 405(g).

## B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. § 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that: (1) she is not engaged in substantial gainful employment; (2) she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities; (3) her

impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id*.

## C. Issues

Taylor argues that the ALJ erred on four points: (1) the residual functional capacity analysis lacks substantial evidence and is contrary to law; (2) the finding that her mental impairment is not severe also lacks support of substantial evidence and is contrary to law; (3) the ALJ erred in failing to consider how the need to elevate her leg affected her ability to work; and (4) the ALJ erred in the credibility finding. I conclude that Taylor's first point has merit, and discuss points one and three together because they both relate to evidence about her limitations. I further conclude that the ALJ erred in the credibility finding because she relied on evidence that was not substantial.

## D. Discussion

*1. The ALJ's residual functional capacity analysis lacked substantial evidence.*

The ALJ relied on State agency medical and psychological consultative examinations to conclude that Taylor could perform light work. [AR 20, 185-92] Yet in doing so, the ALJ ignored the very results of the residual functional capacity ("RFC") assessment, which had found Taylor capable of medium work. Believing that it overstated her abilities, the ALJ determined that Taylor was capable of light work. [AR 20] The ALJ gave no specific reason for discounting

3

the non-treating and non-examining consultants' findings, except to say that the finding that Taylor was capable of medium exertion was "heavier than is supported by the evidence." However, the ALJ appears to have considered Taylor's daily activities as evidence that she could do light work. These activities that included reading, visiting her granddaughter, driving to appointments, cooking, laundry, ironing, sweeping the porch, straightening the trailer, watching television, doing needle work, shopping and playing Scrabble. [AR 20-21]

The evidence the ALJ relied upon to determine that Taylor could do light work were the RFC assessment that the ALJ had already rejected and Taylor's daily activities. One might argue that the RFC finding that Taylor could do medium work necessarily subsumes the ability to perform light work. Yet the ALJ expressly found that the RFC overstated Taylor's abilities. Such a finding cannot, without more, logically compel a conclusion that Taylor actually could perform light work. Indeed, the ALJ may have underestimated just how much the RFC overstated Taylor's abilities such that a finding of sedentary work was more appropriate. RFC assessments, like the one here, are suspect when they lack support of adequate explanation or firsthand examination of the claimant. *Ragland v. Shalala*, 992 F.2d 1056, 1058-59, n.3 (10th Cir. 1993).

Likewise, Taylor's daily activities do not constitute substantial evidence that she can do light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of up to 10 pounds. It also requires a good deal of walking or standing and when it involves sitting most of the time, it requires some pushing and pulling of arm or leg controls. An individual must be able to do substantially all these activities. 20 C.F.R. § 404.1567(b). Taylor's daily activities -- such as needle point, playing Scrabble, and sweeping the porch -- are not

evidence of the ability to do light work as the Commissioner defines it.

Because of this error, Taylor asserts that outright reversal of the ALJ's decision is required because a finding that she could do only sedentary work entitles her to benefits as a matter of law. *See* 20 C.F.R. Part 404, Subpt. P, App. 2, § 201.14 (1999). However, the present record does not necessarily support a finding that Taylor could perform only sedentary work or no work at all. For example, the opinions of Taylor's treating physician, Dr. Jorge Sedas, do not require a finding of disability. He essentially recommended that Taylor wear support hose and sit down frequently with her feet elevated. [AR 125, 252] Taylor did not wear support hose because she indicated the ones that fit her were too expensive. Failure to follow prescribed treatment, without a good reason, can result in a finding that a claimant is not disabled. 20 C.F.R. § 404.1530(b) and (c).

Thus, while the record does not support a finding that Taylor could do light work, neither does it support a finding that she could do nothing more demanding than sedentary work. Accordingly, I recommend that the Court remand the case to the Commissioner with instructions that the ALJ obtain a consultative examination of Taylor with Taylor present, which considers all Taylor's impairments (including her depression) and their affect on her ability to work, and that the ALJ obtain testimony of a vocational expert if there is any doubt that Taylor is not disabled.

Moreover, I agree with Taylor that the ALJ erred in failing to take into account her need to elevate her leg. This limitation is also a factor that the consultative examination should address as it properly fits within the question of Taylor's ability to do work. Furthermore, it will be an appropriate matter for a vocational expert to address if the evaluation proceeds to that point on remand.

### 2. *The ALJ did not err in concluding that Taylor's depression was not severe.*

An impairment is not severe if it is so slight that it does not interfere with or have a serious impact on the claimant's ability to work. *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988). Here, Taylor testified that antidepressant medication has helped her. [AR 52-53] There is no evidence to support the conclusion that Taylor's depression was then significantly limiting her ability to do work, and Taylor bore the burden of producing such evidence. *Thompson*, 987 F.2d at 1486. Though I find no error in the ALJ's decision on this point, nothing will preclude the ALJ from considering on remand whether Taylor's depression, in combination with her other impairments, resulted in disability.

### 3. *The ALJ erred in discrediting Taylor's complaints of pain*.

The ALJ relied primarily on "objective evidence" in the record to discount Taylor's credibility. Specifically, the ALJ relied on Taylor's daily activities and physicians' consultative reports to discount Taylor's credibility. [AR 14] This same evidence, however, is evidence I have determined not to be substantial to support a finding that Taylor could do light work. For the same reasons, I conclude that the same evidence is not substantial to support a finding that Taylor's testimony about her limitations was not credible. Credibility determinations without the support of substantial evidence will be reversed. *See Winfrey v. Chater*, 92 F.3d 1017, 1020 (10th Cir. 1996) (citation omitted). On remand, after obtaining a consultative examination with Taylor present, the ALJ is of course free to inquire again into Taylor's credibility.

### E. Conclusion

For the foregoing reasons I recommend that the Court remand the case to the Commissioner for further proceedings. Specifically, I recommend that the Court remand the case

with instructions that Commissioner obtain a consultative examination of Taylor with her present; that the examination consider all her impairments, including her depression and need to elevate her leg; and that the ALJ call a vocational expert if there is any question as to Taylor's disability. Timely objections to the foregoing may be made under 28 U.S.C. § 636(b)(1).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Attorneys for Plaintiff:**

Francesca J. MacDowell
Gary J. Martone
A. Michelle Baca
Albuquerque, NM

**Attorneys for Defendant:**

Joan M. Hart
Albuquerque, NM
Christopher Carillo
Dallas, TX